UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonu Sonu,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>Kristi Noem, et al.,<br><br>　　　　　　　　Respondents. | Case No. 5:26-cv-00589-MRA-SSC<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Sonu Sonu, a noncitizen who was released by the Department of Homeland Security ("DHS") on supervision on March 19, 2023, then re-detained by DHS on November 8, 2025. On February 7, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 13. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. ECF 13. The TRO required Respondents Kristi Noem, Secretary of Department of Homeland Security; Pamela Bondi, United States Attorney General; Sergio Albarran, ICE Field Office Director; and the Warden of the Adelanto Detention Facility (collectively, "Respondents" or the "government") to immediately release Petitioner and enjoined Respondents from re-

1 detaining Petitioner absent compliance with constitutional protections, which include, at a
2 minimum, pre-deprivation notice describing the change in circumstances requiring his re-
3 detention and a timely hearing at which Respondents would bear the burden of establishing,
4 by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the
5 community. *Id.* at 8–9.  The Court further ordered Respondents to show cause why a
6 preliminary injunction should not issue. *Id.* at 9.  Respondents filed their opposition to
7 preliminary injunction on February 24, 2026, arguing that the Petition should be dismissed
8 or denied as moot because Petitioner was released on February 18, 2026.  ECF 16.

## II. DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001).  For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief.  ECF 8; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The government's response to the Order to Show Cause does not address the *Winter* factors.  Rather, the government argues that the Petition is moot because Petitioner has been released as ordered by the Court.  ECF 16 at 3.  The Court disagrees.  A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)).  "The nature of a TRO is only, as referenced in the name, temporary.  Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."  *Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb.

12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**. For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: February 25, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE